STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Casella Waste }
Management, Inc. and E.C.  }
Crosby & Sons, Inc.   } Docket No. 110-7-99 Vtec
        }
        }

Decision and Order on Cross-Motions for Summary Judgment

Appellants appealed from two conditions imposed by a decision of the Zoning Board of Adjustment (ZBA) of the Town of Manchester granting permission with conditions for a new access road to their transfer station. Cross-Appellants Sally Mole, Dale Gulbrandsen, Patricia A. Trudel, Robert and Jeanne Williams, Kurt and Dorothea Ax, and Ruth Fuller White also appealed from the decision; Patricia A. Trudel later withdrew as a party. Neighbors Perk and Randall Perkins have intervened as interested parties, as has the Town of Sunderland. Appellants are represented by John R. Ponsetto, Esq. and Robert F. O= Neill, Esq.; Cross-Appellants are represented by David W. Gartenstein, Esq.; Intervenors Perkins are represented by Robert E. Woolmington, Esq.; Intervenor Town of Sunderland is represented by Mary C. Ashcroft, Esq.; the Town of Manchester is represented by Gary G. Ameden, Esq. The matter was put on inactive status by agreement of the parties while an Act 250 permit for the access road was under consideration by the Waste Facility Panel of the Environmental Board. The parties then filed extensive motions for summary judgment for which the briefing schedule was extended.

The following facts are undisputed unless otherwise noted.

Appellant Casella owns and operates a solid waste transfer station located on three parcels of land totaling 41.2 acres in size, on River Road in the Farming and Rural Residential zoning district in the Town of Manchester[1]. The present access to it is from River Road, via small rural roads in the towns of Manchester and Sunderland. It is a non-conforming use in the Farming and Rural Residential District.

Appellant Casella proposes to construct an alternative access road, 2364 feet in length and thirty feet in width (consisting of 12-foot-wide traveled lanes and three-foot-wide shoulders in each direction) across a 31.5-acre parcel now owned by Appellant Crosby, for access directly from Route 7A to the transfer station, avoiding the small rural roads.

First, although Appellants applied for the permit[2] as an extension or expansion of an existing non-conforming use under ' 8.1.1.3 of the Zoning Ordinance, Appellants now argue that no permit is required, because they now do not seek to expand the volume of trash processed at the transfer station. Cross-Appellants argue, to the contrary, that the access road would be a new nonconforming use on a separate parcel of land not already in a nonconforming use, and therefore would not qualify to apply under ' 8.1.1.3 at all. They argue that, instead, Appellants would need to apply for a variance, and ask for summary judgment that the property could not qualify for a variance. We note in passing that no party raised the issue of whether a ' 8.1.1.3 permit is required or allowed in the statement of questions, nor did they raise the issue of whether Appellants waived this jurisdictional argument by having applied under 8.1.1.3 in the first place. However, issues that go to the jurisdiction of the matter before the ZBA, and hence before this Court, may be raised at any time.

On the other hand, if Applicants wished to or were required to apply for a variance for the Crosby parcel, such an application would have to be made to the ZBA in the first instance and would not

be considered by this Court until or unless the ZBA had ruled and that ruling had been appealed. Therefore we do not address the parties= discussions regarding whether the property could qualify for a variance, and Cross-Appellants= Motion for Summary Judgment that it could not qualify for a variance is DENIED.

Cross-Appellants are correct that a goal of zoning is gradually to eliminate nonconforming uses. However, 24 V.S.A. ' 4408 allows municipalities a fair amount of leeway in designing their ordinances governing the elimination of nonconforming uses and zoning ordinances in Vermont vary widely from town to town in their treatment of the expansion of nonconforming uses. Some specify that expansions may be approved under the conditional use standards, some limit expansions to a certain percentage of existing area or volume, and some prohibit any expansion of nonconforming uses.

Unlike the ordinances in some other towns, the Town of Manchester= s Zoning Ordinance provides an approval process for expansions or extensions of nonconforming uses in ' 8.1.1.3. This section does not limit the extent of an expansion that may be approved and it provides specific criteria to guide the ZBA, and hence this Court, in considering the application. Compare, In re Appeal of Miserocchi, 11 Vt.L.Week 33(Vt. Supreme Ct., Jan. 28, 2000, as amended April 25, 2000). Of course, even under the liberal terms of ' 8.1.1.3, an expansion onto the Crosby parcel can only be considered if it is purchased by Appellant Casella so that it merges with the land already owned by Appellant Casella. Otherwise, Cross-Appellants would be correct that Appellants could not apply to expand a nonconforming use onto an adjacent parcel owned by another. Compare, In re Appeal of Deso, Docket No. 2000-237 (Vt. Supreme Ct., Feb. 8, 2001) (entry order of three-judge panel).

Even though Appellants are not now applying to expand the volume processed by the transfer station, they must apply for a permit for the access road under ' 8.1.1.3 of the Zoning Ordinance. A permit is required because the proposed access road is an extension or expansion in area of the existing nonconforming use of the transfer station. That is, even if the volume or intensity of the use of the transfer station does not expand, the proposal seeks to extend or expand the existing use onto a new land area: that lying under the proposed new access road.

The standard provided by ' 8.1.1.3 is that the extension or expansion A will have no adverse effect upon the public health, safety, convenience, and upon property values in the vicinity.@ Further, in judging the application, ' 8.1.1.3 directs the ZBA, and hence this Court, to A consider the criteria that would apply to the use if it were in a zone in which the use is permitted.@ The use is permitted in the Industrial zoning district, and therefore the Court will consider the criteria applicable to such a use if it were located in the Industrial district.

In addition, because the proposed access road will require excavation and a culvert within 50 feet of a stream, ' 8.12 applies to require application for A approval as a conditional use.@ Appellants argue that only those aspects of the road affecting the stream are required to undergo conditional use approval. However, the language of ' 8.12 is not so limited. Once ' 8.12 is triggered by construction, excavation or filling near a stream, pond or wetland, conditional use approval is required for the proposal as a whole, and a Site Development Plan is required to be submitted for such a use under ' 3.4. Because conditional use approval is required, the ZBA, and hence this Court, had authority to impose conditions in its approval. 24 V.S.A. ' 4407(2) (such additional reasonable conditions and safeguards as [the ZBA] may deem necessary to implement the purposes of [24 V.S.A. Ch. 117] and the zoning regulations).

Appellants have moved to dismiss Questions 4 through 16 of Cross-Appellants= Statement of Questions as beyond the scope of review applicable to the proposed access road. However, except for Question 11[3], those questions are keyed to the standards of ' 8.1.1.3 (Questions 10, 14 and 15) and to the conditional use standards (Questions 4, 5, 6, 7, 8, 9, 12 (as it relates to 7, 8

and 9), and 13) and are therefore within the scope of this proceeding. Appellants= motion to dismiss Questions 4 through 10 and 12 through 16 is DENIED.

As to Question 11, first, no aspect of the transfer station is under review in the present proceedings; only the access road is the subject of the application. Second, the Court cannot find a provision in the excerpted Zoning Ordinance which makes this a standard for the consideration of the access road as an expansion of a nonconforming use. However, we recognize that the entire Zoning Ordinance has not been provided. Accordingly, Appellants= motion to dismiss Question 11 will be addressed at the conference, and will be granted unless a provision establishing such a standard is brought to the Court= s attention at the conference.

Appellants argue that there is no basis in the enabling statute for the > property values= element of ' 8.1.1.3. Section 8.1.1.3 is authorized by 24 V.S.A. ' 4408(b)(2), which allows a municipality to regulate the extension or enlargement of nonconforming uses. The enabling statute does not limit the factors that a municipality may adopt in its ordinance to be considered when approving such an extension or expansion. As nonconforming uses are disfavored and are generally to be phased out over time, under ' 4408(b) a municipality is free to establish in its zoning ordinance the limited circumstances under which it will allow the extension or expansion of such uses.

Appellants specifically move for summary judgment on the two conditions they challenge in their Statement of Questions. To the extent that their arguments address the merits of those conditions, we note that the proceedings are de novo and we must make that determination after the evidentiary hearing, so long as there is authority for such conditions. In this motion we will determine only whether such conditions are authorized by the Zoning Ordinance or the enabling statute.

Condition 18 limits the hours during which trucks may use the access road, and makes no distinctions between various sizes of trucks. Such a condition is authorized by the enabling statute (24 V.S.A. ' 4407(2)) and by the nonconforming use and conditional use standards of the Zoning Ordinance. Section 8.1.1 requires the Court at least to consider the standards applicable to the use if it were in an Industrial District, including whether the road is planned to afford the > maximum protection possible to any affected residential areas.= Material facts are in dispute as to whether any residential areas are affected, and whether the road is planned to afford the maximum possible protection to those areas.

Appellants also argue that there is no basis in the zoning enabling statute for Condition 8, which states that the findings and conclusions of the ZBA > become invalid= unless Appellants accept them by signing within 30 days. Cross-Appellants argue that Appellants= failure to have accepted the ZBA= s findings and conclusions as required by Condition 8 has rendered the ZBA decision invalid and thereby moots Appellants= appeal. We note that the language of Condition 8 differs from similar provisions used by other permitting programs that state the consequences of, for example, > acceptance of this permit without appeal.=

While a municipality may provide the form for applications and decisions, and may state legal principles on those forms (such as that misrepresentation on an application renders any resulting permit invalid), Appellants are correct that a municipality has no authority to impose a condition that conflicts with the zoning enabling statute. The statute provides a thirty-day period for filing an appeal of a ZBA= s permit decision, and allows a permit applicant to appeal only certain elements of a decision without automatically invalidating the entire permit. The language of Condition 8 deprives a permit applicant of that right, and is therefore beyond the authority of the ZBA to impose.

Finally, Appellants argue on summary judgment that they qualify for the permit as issued by the ZBA, with the elimination of Condition 8 and the second sentence of Condition 18. Material facts

are in dispute as to whether the proposal meets the standards of ' 8.1.1.3, and the standards made applicable by ' 8.12, therefore Appellants= Motion for Summary Judgment is denied on the merits of the application.

Accordingly, based on the foregoing, Cross-Appellants= Motion for Summary Judgment that the proposal could not qualify for a variance is DENIED; that argument is beyond the scope of the present appeal. Appellants= Motion for Summary Judgment is DENIED in part and GRANTED in part, as discussed above. The remaining issues require an evidentiary hearing on the merits of the application.

We have scheduled a telephone conference to be held on April 6, 2001, to discuss any remaining discovery and the scheduling of the hearing on the merits. If the parties prefer an in-person conference, they should first consult with each other and then inform the Court by Friday, March 23, 2001, whether they wish instead to have a conference in person at the Bennington District Court at noon on Tuesday, March 27, 2001.

At the conference, the parties should be prepared to discuss hearing dates in April, May, and July, and in particular their availability for this case as a back-up to another matter already scheduled for the Manchester Courthouse on May 2, 2001. At the conference, the parties should also be prepared to justify their discovery needs with reference to the materials, evidence, and witnesses already produced in the Act 250 proceedings and before the ZBA. The parties should be prepared to state whether any evidence prepared for the Act 250 proceedings can be submitted to the Court in written form in advance of the hearing. Any witness whose direct testimony will be presented in written form must be present in person at the merits hearing, at which time supplemental direct examination, cross examination, and rebuttal testimony will be allowed. The parties should also discuss with each other in advance of the conference the version of the Zoning Ordinance which each party believes is applicable to this proceeding, and should raise the matter in the conference if they find that they do not agree.

Done at Barre, Vermont, this 16th day of March, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.] An additional parcel of land in the Town of Sunderland is also part of the transfer station property.

[2.] Appellants have not provided the January 1999 application from which we could determine the scope or terms of the application. Appellants have supplied excerpts from the Zoning Ordinance effective as of March 30, 1998. Cross-Appellants assert that the applicable Zoning Ordinance is the one effective as of August 25, 1998, but they have neither supplied it nor stated how it differs from the earlier one, other than in its numbering system. At the hearing on the merits we will expect the parties or the Town to supply a complete copy of the applicable ordinance.

3. Whether Appellants' "Transfer Station and Project are consistent with the purposes of and criteria applicable to the Farming and Rural Residential Zone in which they are and would be located."